UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN COLTON,

        Plaintiff,                        CIVIL ACTION NO. 10-CV-13073

    vs.                                 DISTRICT JUDGE GERALD E. ROSEN

DEBRA SCUTT, ZIVIT COHEN,      MAGISTRATE JUDGE MONA K. MAJZOUB
CONNIE IVES, BETH GARDON,
I. MARIE FLETCHER, TIMOTHY
KANGAS, JEFFREY STIEVE, LYNDA
ZELLER, JOHN DOE, RICHARD
HALLWORTH, and NANCY MARTIN,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOCKET NO. 31)

This is a civil rights action for damages and injunctive relief filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff sues JCF Warden Debra Scutt, JCF Nurse Supervisor Connie Ives, former JCF Health Unit Manager Beth (Gardon) Howell ("Defendant Gardon"), Duane Waters Health Center Administrator Marie Fletcher, MDOC Southern Region Health Administrator Dr. Timothy Kangas, MDOC Chief Medical Officer Dr. Jeffrey Stieve, MDOC Bureau of Health Care Administrator Lynda Zeller, MDOC official Nancy Martin, Richard Hallworth, CEO of American Service Group ("ASG"), the parent company of Prison Health Services, Inc. ("PHS"), and PHS employee Dr. Zivit Cohen. Presently before the Court is Plaintiff's Motion to Amend Complaint. (Docket no. 31). Defendants Hallworth and Cohen filed a response. (Docket no. 36). All pretrial matters have been referred to the undersigned for action. (Docket no. 46). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now

1

ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff filed this action on August 3, 2010. (Docket no. 1). In November 2010 Defendants Fletcher, Ives, Kangas, Scutt, Stieve, Zeller, Cohen, and Hallworth filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket nos. 24, 28). More than twenty-one days after Defendants Fletcher, Ives, Kangas, Scutt, Stieve, and Zeller served their Motion to Dismiss, Plaintiff filed the instant Motion to Amend Complaint. In his motion, Plaintiff requests leave to amend his complaint because he did not realize that he was required to identify all Defendants in the body of the complaint. (Docket no. 31).

Rule 15(a) of the Federal Rules of Civil Procedure provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1)(A),(B). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). In deciding whether to grant a motion for leave to amend, the court may consider the futility of the amendment. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir.2000) (citation omitted).

Plaintiff's original complaint, which asserts violations of the Eighth and Fourteenth Amendment, alleges that Defendant Scutt was the Warden of JCF and as such knew or should have known of the violations being committed by health care (docket no. 1, ¶ 64); Defendants Kangas,

Zeller, Stieve, and Fletcher sat on the Medical Service Advisory Committee and knew or should have known of the failures of the health care system but took little or no action (docket no. 1, ¶ 68); Defendant Hallworth signed a contract as President and CEO of PHS to ensure that Plaintiff would receive adequate health care but failed to do so (docket no. 1, ¶¶ 12, 69); Defendant Gardon was aware of serious problems with the grievance process, scheduling and kite problems, and electronic medical system and took little or no action to fix them (docket no. 1, ¶ 66); Defendant Cohen was deliberately indifferent to his serious medical needs (docket no. 1, ¶ 65); and Defendants Ives and Martin[1] failed to provide Plaintiff with a meaningful hearing in violation of his due process rights (docket no. 1, ¶¶ 4, 67).

The proposed amended complaint asserts these same arguments against the Defendants. In addition, the proposed amended complaint asserts a Fifth Amendment due process claim against Defendants Ives and Martin and clarifies that these Defendants were responsible for responding to Plaintiff's grievances.

First, Plaintiff's proposed amended complaint contends that Defendants Ives and Martin violated his Fifth Amendment due process rights because they did not give him a meaningful hearing on his administrative grievance. "The Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Bybee v. City of Paducah*, 46 Fed. App'x. 735, 737 (6th Cir.2002) (*citing Sturgell v. Creasy,* 640 F.2d 843, 850 (6th Cir.1981) and *Walker v. Hughes,* 558 F.2d 1247, 1257 (6th Cir.1977)). Plaintiff has no Fifth Amendment claim against Defendants Ives and Martin. Therefore, Plaintiff's Motion to Amend to add or clarify a Fifth Amendment claim

---

[1] Defendant Martin was identified as John Doe in the original complaint. (Docket nos. 1, 27).

3

against Defendants Ives and Martin is futile.

To state a plausible claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that each Defendant was personally involved in the constitutional violation. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). Section 1983 liability may not be predicated upon theories of vicarious liability or respondeat superior. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Furthermore, a defendant is not liable under 42 U.S.C. § 1983 where his or her only involvement in the constitutional violation involved the denial of an administrative grievance or failure to act. *Id*.

Plaintiff's proposed amended complaint does not contain allegations of personal involvement by Defendants Scutt, Kangas, Stieve, Zeller, Fletcher, Hallworth, and Gardon. Defendants Ives and Martin's only involvement is limited to responding to and denying Plaintiff's administrative grievances. Plaintiff's Motion to Amend his claims against Defendants Scutt, Kangas, Stieve, Zeller, Fletcher, Hallworth, Gardon, Ives, and Martin is therefore futile.

Finally, Plaintiff's allegations against Defendant Cohen are not materially changed in the proposed amended complaint. The Court recently filed a Report and Recommendation recommending that Defendants Scutt, Kangas, Stieve, Zeller, Fletcher, Hallworth, Gardon, Ives, and Martin be dismissed from this lawsuit. In making this recommendation the Court considered Plaintiff's proposed amended complaint and found that it did not remedy the deficiencies in Plaintiff's claims against these Defendants. The Court further recommended that this case proceed against Defendant Cohen on Plaintiff's claim that she was deliberately indifferent to his medical needs in relation to his hernia condition. The proposed amended complaint and original complaint raise similar allegations with respect to this claim. Because the proposed amended complaint is

futile as to Defendants Scutt, Kangas, Stieve, Zeller, Fletcher, Hallworth, Gardon, Ives, and Martin, and does not clarify or raise additional claims against Defendant Cohen, the Court will deny Plaintiff's Motion to Amend.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (docket no. 31) is **DENIED**.

### NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 20, 2011                s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon John Colton and Counsel of Record on this date.

Dated: June 20, 2011                s/ Lisa C. Bartlett
                                    Case Manager

5