UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MICHAEL COLTON,

           Plaintiff,           No. 10-CV-13073

vs.           Hon. Gerald E. Rosen

DEBRA SCUTT, Warden,
ZIVIT COHEN, Doctor, et al.,

           Defendants.
_____/

MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT COHEN'S
MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     December 7, 2011

PRESENT: Honorable Gerald E. Rosen
                   United States District Chief Judge

I. INTRODUCTION

     This is a prisoner's civil rights action filed by Plaintiff John Michael Colton complaining of deliberate indifference to his medical needs. Mr. Colton, who has a lengthy history of medical problems, is incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On August 3, 2010, Colton filed this Section 1983 Complaint against ten prison officials and health care professionals. All of the named defendants responded to Plaintiff's Complaint by way of dispositive motions. On November 15, 2010, Defendants Debra Scutt, Connie Ives, Jeffrey Stieve, Linda Zeller, Timothy Kangas, and Marie Fletcher

filed a Rule 12(b)(6) motion to dismiss.[1]  Shortly thereafter, on November 29, 2010, Defendants Richard Hallworth, the CEO of American Service Group, the parent company of Prison Health Services, Inc., the MDOC's prison health care provider, and Zivit Cohen, one of the MDOC doctors, filed their own motion seeking dismissal of the claims against them.[2]  Then, on April 22 and May 6, 2011, respectively, Defendants Nancy Martin, an MDOC Unit Administrator, and Beth Gardon, the former Health Unit Manager at the G. Robert Cotton Facility, filed Rule 56 Motions for Summary Judgment.[3]  The matter was thereafter referred to Magistrate Judge Mona K. Majzoub for pretrial purposes.

On June 20, 2011, Magistrate Judge Majzoub issued a Report and Recommendation recommending that the Motions to Dismiss and for Summary Judgment filed by all of the defendants except Defendant Cohen be granted.  With respect to Defendant Cohen, the

---

[1] Debra Scutt was the Warden of the G. Robert Cotton Facility; Linda Zeller, Marie Fletcher and Timothy Kangas were Bureau of Health Care Services administrators; Jeffrey Stieve was the MDOC's Chief Medical Officer; and Connie Ives was the Nursing Manager.  These supervisory MDOC employees moved for dismissal arguing (1) they had no personal involvement in the complained of conduct and there is no vicarious or *respondeat liability* under Section 1983.  Alternatively, they argued that (2) the Eleventh Amendment bars any claim against them in their official capacities; and (3) qualified immunity protected them from suit in their official capacities.

[2] Like the MDOC supervisory employees, Hallworth argued for dismissal based upon no personal involvement.  Dr. Cohen argued for dismissal claiming that Plaintiff failed to demonstrate that her conduct amounted to deliberate indifference.

[3] Defendant Martin argued for dismissal because on the grounds of no personal involvement and Eleventh Amendment and qualified immunity.  Defendant Gardon sought dismissal based upon Plaintiff's failure to exhaust his administrative remedies and on the alternate grounds of insufficient personal involvement, failure to demonstrate deliberate indifference, and qualified immunity,

Magistrate Judge recommended that her Motion to Dismiss be granted in part, and denied in part. Specifically, the Magistrate Judge recommended that Dr. Cohen's motion to dismiss be denied with respect to Plaintiff's claim of deliberate indifference to his hernia condition. No objections to the Report and Recommendation were filed by any of the parties, including Defendant Cohen.

On August 2, 2011, this Court entered an Opinion and Order adopting the Magistrate Judge's R&R, and accordingly ordered that Plaintiff's Complaint against Defendants Scutt, Ives, Stieve, Zeller, Kangas, Fletcher, Martin, Gardon and Hallworth be dismissed, but that the case proceed on Plaintiff Colton's claim against Dr. Cohen for deliberate indifference to his hernia condition. The Court thereafter referred the case back to the Magistrate Judge to conduct a Settlement Conference regarding this one remaining claim. The Magistrate Judge scheduled the Settlement Conference for September 19, 2011.

Defendant Cohen, however, objected to having to appear for the Settlement Conference as scheduled complaining that because she no longer worked for the MDOC she did not have access to Plaintiff's medical records which she claimed she needed to review in order to participate in any meaningful settlement discussion. She stated that although she had served Plaintiff with a request for a release of the records to her attorney, she had not yet received Plaintiff's signed release.[4] Therefore, she moved for an adjournment of the Settlement Conference for at least 30 days. Plaintiff responded to

---

[4] Defendant Cohen did not serve her request for Plaintiff's medical release until August 30, 2011 and did not do so earlier because she believed her motion to dismiss would dispose of this matter.

3

Defendant's motion indicating that he had no objection to her requested adjournment, and sent Plaintiff his signed release the same day he filed his Response. Accordingly, on September 13, the Magistrate Judge re-scheduled the Settlement Conference for December 8, 2011.

On November 21, 2011 -- just three weeks before the scheduled Settlement Conference -- Defendant Cohen filed a Motion for Summary Judgment arguing, as she did in her Rule 12(b)(6) motion last November, that she was not deliberately indifferent to Plaintiff's medical needs. Additionally, she argues for the first time in this motion that Plaintiff failed to exhaust his administrative remedies.

## II.  DISCUSSION

A.  DEFENDANT WAIVED HER RIGHT TO RELY ON A FAILURE-TO-EXHAUST ADMINISTRATIVE REMEDIES AFFIRMATIVE DEFENSE

The Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq*. (the "PLRA"), requires prisoners to exhaust prison grievance procedures before filing suit. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Supreme Court has determined, however, that an inmate is not required to specially plead or demonstrate exhaustion in his complaint; rather failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212-17,

4

127 S.Ct. 910, 919-21 (2007). "Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.2000). And. like any other affirmative defense, reliance on the PLRA exhaustion requirement can be waived. *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004); *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536 (7th Cir. 1999) ("Defendants may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations."); *Randolph v. Rodgers*, 253 F.3d 342, 347 n. 11 (8th Cir.2001); *see also Rose v. Saginaw County*, 232 F.R.D. 267, 277-78 (E.D. Mich. 2005) (finding that the defendants had waived their right to rely on the PLRA's administrative exhaustion requirement where they did not assert this affirmative defense until three years after the plaintiffs' amended complaint was filed and after their previously-filed dispositive motions had been decided).

In this case, Defendant Cohen elected to file a motion to dismiss as her initial responsive pleading, instead of filing an answer. [*See* Defendant Cohen's 11/29/11 Motion to Dismiss and Brief in Support, Dkt. Nos. 28 & 29]. She did not raise her failure-to-exhaust defense in her initial responsive pleading. *See id.* Therefore, she waived her right to assert that defense now.

The record further demonstrates the untimeliness of Defendant's argument. Though her motion to dismiss remained pending for seven months, she never moved to amend or supplement it to add a failure-to-exhaust argument. Furthermore, though Defendant Cohen could have, she did not move to join or file a concurrence in Defendant

5

Gardon's motion for summary judgment which was filed six months after she filed her own motion to dismiss. (As noted above, in her motion, Defendant Gardon had sought dismissal of Plaintiff's Complaint against her based, in part, upon his failure to exhaust his administrative remedies [*see* Dkt. # 44, pp. 10-14]. The Magistrate Judge's recommendation that Gardon's motion be granted was based upon Plaintiff's failure to exhaust his administrative remedies as to her [*see* R&R, Dkt. # 47, pp. 9-10].) Defendant Cohen did not file any objections to the Magistrate Judge's recommendation that her motion to dismiss be denied nor did she seek reconsideration of that recommendation based upon an omitted failure to exhaust argument. In fact, she never raised the defense at all at any time prior to the Court's August 2, 2011 Order adopting the Magistrate Judge's R&R and even, then, she waited nearly four months -- when the court-ordered settlement conference was imminent -- to move for dismissal based upon this affirmative defense.[5]

For all of these reasons, the Court concludes that Defendant Cohen has waived the right to rely upon Plaintiff's failure to exhaust his administrative remedies in seeking dismissal of Plaintiff's claims against her.

B.  ISSUES OF FACT PRECLUDE SUMMARY JUDGMENT BASED UPON DEFENDANT'S CLAIM OF NO DELIBERATE INDIFFERENCE

---

[5] Defendant Cohen did list "failure to exhaust administrative remedies" among the 21 affirmative defenses listed in her post-dismissal motion Answer filed pursuant to Fed. R. Civ. P. 12(a)(4) on August 12, 2011, but she did not move for dismissal based upon this defense until November 21, 2011, i.e., when the settlement conference was imminent.

Defendant Cohen also argues that summary judgment should be entered in her favor and Plaintiff's claim against her dismissed for failure to state a claim upon which relief may be granted because she was not deliberately indifferent to Plaintiff's hernia condition. The basis of her argument -- that she was not deliberately indifferent -- is the same argument she made in November 2010 in seeking dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support of the present motion, Defendant has provided her own Affidavit. That Affidavit, however, is, in large part, *not* based on personal knowledge.

>Fed. R. Civ. P. 56(c)(4) requires that

>[a]n affidavit or declaration used to support or oppose a motion *must be made on personal knowledge*, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(4).

The majority of the numbered paragraphs contained in Defendant Cohen's Affidavit do not recount her own treatment of Plaintiff but rather his treatment by other health care professionals. *See e.g.,* Cohen Affidavit, Dkt. # 57-2, ¶¶ 11, 20-21. But Dr. Cohen does not claim to have personal knowledge of the treatment provided by others; rather, she relies on what she read in Plaintiff's medical record, selected portions of which she appended to her affidavit. *See* Dkt. # 57-1. [6] Only matters known to the declarant

---

[6] Other than the selected excerpts appended to Defendant Cohen's affidavit as support for the factual assertions contained therein, Plaintiff's medical record has not been made part of the record of this case.

7

personally may properly be asserted in an affidavit offered in support or in opposition to a motion for summary judgment. *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (striking portion of affidavit as to which the affiant had no personal knowledge).

Furthermore, only admissible evidence may be used to support facts set out in an affidavit offered in support of a motion for summary judgment. Fed. R. Civ. P. 56(c)(4). Defendant Cohen has made no effort to show that the evidence she relies upon in support of her affidavit is admissible.

The selected portions of Plaintiff's medical record attached to Defendant Cohen's affidavit upon which Defendant purports to rely are not certified pursuant to Fed. R. Evid. 902(11) nor have they been otherwise properly authenticated to render their contents admissible under Fed. R. Evid. 803(6) and (7) to show that Plaintiff did not complain about his hernia pain to his medical providers. Similarly, since Dr. Cohen states that she "does not recall" Plaintiff complaining to her about his hernia condition, in order for her to rely on the absence of any notation made by her to show that Plaintiff made no such complaints to her, authentication of the excerpts from Plaintiff's medical record is required.

While the Court is permitted to consider evidence submitted at summary judgment in non-admissible form when the evidence "will be reduced to admissible form at trial," *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365 (D.C.Cir.2000) (holding that any evidence considered by a court at the summary judgment stage "must be

capable of being converted into admissible evidence." *Id.* at 1369), where the proponent of non-admissible evidence fails to demonstrate that a showing of admissibility is forthcoming, the evidence may not be considered in deciding a motion for summary judgment. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990); *see also DeBiasi v. Charter County of Wayne*, 537 F. Supp. 2d 903, 911 (E. D. Mich. 2008) (because the out-of-court declarant had testified in his deposition that he had no recollection of any conversations with the plaintiff about the promotion of plaintiff's comparable, the plaintiff's personal log of what the declarant had said to him in an earlier conversation could not be converted to admissible evidence and, therefore, its consideration at summary judgment was prohibited). Defendant Cohen has made no attempt to demonstrate that a showing of admissibility of the evidence is forthcoming in this case. "[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission. . . ." *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 ((7th Cir.2003); *see also Matthew v. Carr*, 2011 WL 6016646 at *1 (S.D. Ind. 2011) ("An affidavit not in compliance with Rule 56 can neither lend support to, nor defeat, a summary judgment motion." *Id.* (citations omitted)). Therefore, Defendant Cohen's affidavit based upon Plaintiff's inadmissible medical records cannot support her motion for summary judgment.

However, even if the Court were to consider Defendant Cohen's affidavit evidence, summary judgment would be inappropriate. Plaintiff has stated that he specifically complained to Dr. Cohen on October 6, 2009 and again on April 15, 2010

9

that he was in daily pain from his hernia and that it caused him discomfort when he urinated. *See* Colton Declaration and Verified Response to Motion to Dismiss, Dkt. # 37. A genuine dispute of material fact may be shown by matters in the record. *See* Fed. R. Civ. P. 56(c)(1).

Plaintiff claims that he complained at least twice to Dr. Cohen about his hernia pain. The first time he complained (in October 2009), Plaintiff states that Dr. Cohen told him his hernia problems would have to wait until his more serious issues were resolved. In April 2010, Plaintiff states that he complained again about pain caused by his hernia that had continued for six months. *Id.* According to Plaintiff, however, Dr. Cohen did no physical examination of him regarding his hernia complaint. *Id.* at p.16.

A prisoner's statement that his hernia hurt "sometimes" has been held sufficient to create a genuine issue of material fact as to whether he experienced a physical injury. *See Baker v. Wilkinson*, 635 F. Supp. 2d 514, 522 (W.D. La. 2009). And, failing to respond to a prisoner's pain or possible medical needs can establish deliberate indifference. *May v. Baldwin*, 109 F.3d 557, 566 (9th Cir.1997).

In light of the foregoing, the Court finds that material issues of fact preclude entry of summary judgment in this case.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Cohen's Motion for Summary Judgment **[Dkt. # 57]** is DENIED.

Accordingly, the Settlement Conference will go forward as scheduled.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: December 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2011, by electronic mail and upon John Colton, #173126, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 by ordinary mail.

s/Ruth A. Gunther
Case Manager