UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MICHAEL COLTON,

                Plaintiff,                CIVIL ACTION NO. 10-CV-13073

        vs.                      DISTRICT JUDGE GERALD E. ROSEN

                                 MAGISTRATE JUDGE MONA K. MAJZOUB

DEBRA SCUTT, Warden,
ZIVIT COHEN, Doctor, et al.,

                Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR LEAVE [83],
PLAINTIFF'S MOTION FOR ORDER [89], AND PLAINTIFF'S MOTION FOR
APPOINTMENT OF AN EXPERT WITNESS [92], AND GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [91]**

This matter comes before the Court on Defendant Dr. Zivit Cohen's Motion for Leave to File

Second/Supplemental Motion for Summary Judgment (docket no. 83), and Plaintiff John Michael

Colton's Motion for Order that Certified Medical Records be Presented (docket no. 89), Motion to

Compel Discovery (docket no. 91), and Motion for Appointment of an Expert Witness (docket no.

92). Defendant filed a Response to Plaintiff's Motion to Compel (docket no. 94) and his Motion for

Appointment of an Expert Witness (docket no. 93). Plaintiff filed a Response to Defendant's

Motion for Leave (docket no. 86), and Defendant filed a Reply (docket no. 88). All pretrial matters

have been referred to the undersigned for decision. (Docket no. 45.) The parties have briefed the

motions; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern

District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. §

636(b)(1)(A).

1

## I.     Background

Plaintiff is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan.   In August 2010, he filed his claim under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs.  (Docket no. 1.)  Plaintiff filed his complaint against a myriad of individuals, including Defendant Cohen.  (*Id.* at 5.)  Among his many claims, Plaintiff alleged that Defendant Cohen exhibited deliberate indifference when she failed to examine his allegedly improperly repaired hernia during a scheduled visit on or about October 6, 2009, and again on April 15, 2010.  (*Id.* ¶¶ 15, 28, 47.)

Defendants all responded to Plaintiff's Complaint with Motions to Dismiss or for Summary Judgment.  (Docket nos. 24, 28, 29, 43, and 44.)  On June 20, 2011, the Court issued a Report and Recommendation (which was adopted on August 2, 2011) dismissing Plaintiff's claims against all Defendants with the exception of Plaintiff's hernia-related claim against Defendant Cohen.  (Docket nos. 47, 49.)

The Court set a settlement conference for September 19, 2011, which was rescheduled for December 8, 2011, at Defendant's request.  (*See* docket no. 60 at 3-4.)  Then, on November 21, 2011, Defendant filed her Motion for Summary Judgment arguing, in part, that she was not deliberately indifferent to Plaintiff's medical needs.  (*See id.* at 4.)  The Court denied Defendant's Motion.  (*Id.* at 10.)

## II.     Discussion

### A.     Defendant's Motion for Leave to File Second/Supplemental Motion for Summary Judgment [83]

On January 17, 2012, Defendant conducted Plaintiff's deposition.  (*See* docket no. 72-2.)

On March 28, 2012, Defendant filed a "Brief on the Issue of Serious Medical Need and Deliberate Indifference."[1]  (Docket no. 72.)  On May 11, 2012, Plaintiff filed the instant Motion requesting permission under E.D. Mich. LR 7.1(b)(2) to file a Second Motion for Summary Judgment on the issue of deliberate indifference.  (*Id.* at 11.)

Under LR 7.1(b), "[a] party must obtain leave of the court to file more than one motion for summary judgment."  E.D. Mich. LR 7.1.(b)(2).  "The Court has the inherent authority to permit a second motion for summary judgment to be filed."  *Dye v. Deangelo*, No. 09-14545, 2010 WL 4976936, at *1 (E.D. Mich. Dec. 2, 2010) (Friedman J.).  In general, LR 7.1(b)(2) is concerned with "parties attempting to challenge several counts of a single complaint through separate motions."  *Aljalham v. American S.S. Co*, 724 F.Supp.2d 729, 731 n.1 (E.D. Mich., July 12, 2010) (Rosen J.).

In its denial of Defendant's first Motion for Summary Judgment, the Court based its decision, in part, on Defendant's failure to provide Plaintiff's certified medical records in support of her arguments.[2]  (Docket no. 60 at 8.)  In support of her instant Motion, Plaintiff contends that she now has (1) certified copies of Plaintiff's medical records to support her claims; (2) "new evidence . . .

---

[1]The Court took no action with regard to Defendant's Brief because, as Plaintiff notes in a responsive document, Defendant's Brief appears to be an attempt at filing a second Motion for Summary Judgment.  (*See* docket no. 80.)  Defendant did not seek leave to file this document with the Court; thus, although it appears to supplement Defendant's instant motion, the Court will not consider Defendant's Brief on the Issue of Serious Medical Need and Deliberate Indifference in reaching its decision herein.

[2]Defendant, through an affidavit, relied on Plaintiff's medical records in support of her choice of treatment (or lack thereof) for Plaintiff's hernia because she did not have personal knowledge of the information contained in his records.  (*See* docket no. 60 at 7-8.)  Because the medical records were not certified, they were not admissible evidence, and because Defendant "made no effort to show that the evidence she relie[d] upon in support of her affidavit [was] admissible," the Court did not consider the records or the related portions of her affidavit in support of her Motion for Summary Judgment.  (*Id.* at 8.)

including Plaintiff's testimony via deposition;" and (3) "new law to present on the issue of deliberate

indifference regarding hernias."  (Docket no. 88 at 3.)

Plaintiff argues that Defendant's Motion should be denied because the Court relied on more

than Defendant's failure to provide certified medical records when it denied her first Motion for

Summary Judgment.  (Docket no. 86 at 4.)  The Court Agrees.  In its December 7, 2011 Order, the

Court stated:

> However, *even if the Court were to consider Defendant Cohen's affidavit
> evidence, summary judgment would be inappropriate*.  Plaintiff has stated that he
> specifically complained to Dr. Cohen on October 6, 2009 and again on April 15,
> 2010 that he was in daily pain from his hernia and that it caused him discomfort
> when he urinated.  *A genuine dispute of material fact may be shown by matters in the
> record.*
>
> Plaintiff claims that he complained at least twice to Dr. Cohen about his
> hernia pain.  The first time he complained (in October 2009), Plaintiff states that Dr.
> Cohen told him his hernia problems would have to wait until his more serious issues
> were resolved.  In April 2010, Plaintiff states that he complained again about pain
> caused by his hernia that had continued for six months.  According to Plaintiff,
> however, Dr. Cohen did no physical examination of him regarding his hernia
> complaint.
>
> A prisoner's statement that his hernia hurt "sometimes" has been held
> sufficient to create a genuine issue of material fact as to whether he experienced a
> physical injury.  And, failing to respond to a prisoner's pain or possible medical
> needs can establish deliberate indifference.

(Docket no. 60 at 9-10 (citations omitted) (emphasis added).)  Thus, for purposes of summary

judgment, it is irrelevant whether Defendant can now produce Plaintiff's certified medical records;

Summary Judgment would still be inappropriate.

Defendant's arguments that she can now present Plaintiff's deposition testimony and new

law related to the deliberate indifference of hernias are likewise unpersuasive.  Although Defendant

asserts that Plaintiff's deposition somehow reveals that his claim must fail, Defendant does not direct

4

the Court to any portion of Plaintiff's deposition testimony in support of this contention.[3]   And

although Defendant now draws the Court's attention to *Velez v. Mich. Dep't of Corr.*, No. 09-10519,

2010 WL 1254857 (E.D. Mich., Jan. 25, 2010) (Hluchaniuk, M.J.); and *Ward v. Kemen*, No. 08-

P283-S, 2010 WL 3829196 (W.D. Ky., Sept. 24, 2010), these cases are not "new law;" they are

merely cases that Defendant did not cite to in her initial Motion for Summary Judgment filed on

November 21, 2011.  Defendant's failure to raise these arguments or articulate her position in her

initial Motion does not justify another bite at the apple.  Therefore, the Court will deny Defendant's

Motion for Leave to File a Supplemental/Second Motion for Summary Judgment.

### B.    Plaintiff's Motion for Order for Certified Medical Records [89]

In May 2012, with a final pretrial conference approaching, Plaintiff, in an attempt to prepare

his exhibits for trial, requested that the prison provide him with certified true copies of his medical

records.  (Docket no. 89 at 4.)  After some back and forth correspondence with the prison, Plaintiff

apparently received uncertified copies of his medical records.  (*Id.* at 2.)  Plaintiff now requests that

the Court order the prison to provide certified copies of his medical records so that he may introduce

such records at trial in accordance with Fed.R.Evid. 803(6), (7) and 902 (11).  (*Id.* at 1-2.)

A request for the production of documents by a third party is governed by Rule 45.  *See*

---

[3]Defendant does quote to Plaintiff's deposition in her Brief on the Issue of Serious Medical Need and Deliberate Indifference.  (Docket no. 72 at 2.)  A review of this quoted passage, however, only reaffirms Plaintiff's contention that he told Defendant about his hernia-related pain and that she did not examine him.  (*Id.*)  Thus, even if the Court were to consider this information, a genuine dispute of materials fact may *still* be shown by matters in the record.

Fed.R.Civ.P. 45.[4]  Even though Plaintiff requested that the prison produce certified true copies of his medical records, he has not properly served the prison with a subpoena under Rule 45. Fed.R.Civ.P. 45(b).  The Court is without authority to compel the production of documents from a nonparty who has not been properly served with a subpoena.  Therefore, the Court will deny Plaintiff's Motion.

### C.    Plaintiff's Motion to Compel [91]

On April 23, 2012, Plaintiff served Defendant with Plaintiff's Interrogatories to Defendant Zivit Cohen.  (Docket no. 91 at 5-9.)  Defendant responded on May 23, 2012.  (*Id.* at 12-17.) Plaintiff now files his Motion to Compel answers to Interrogatory Nos. 4 and 5.[4]

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  But the scope of discovery is not unlimited.  "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would

---

[4]Under Rule 45(a)(3), "the clerk [of the court] must issue a subpoena, signed but otherwise blank, to a party who requests it."  Fed.R.Civ.P. 45(a)(3).  Plaintiff is a party to this action.

[4]Plaintiff's Motion to Compel is not entirely clear regarding the specific interrogatories to which he is requesting that the Court compel an answer.  Defendant believes that he is requesting and answer to Interrogatory Nos. 4 and 5.  (Docket no. 94 at 8.)  The Court agrees, as Interrogatory Nos. 4 and 5 were the subject of a letter from Plaintiff to Defendant attempting to resolve this discovery issue without the Court's intervention.  (Docket no. 91 at 20-22.)

prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 allows a party to serve interrogatories on an opposing party. Fed.R.Civ.P. 33. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2). If the receiving party fails to respond to interrogatories, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

### 1.      Interrogatory No. 4

In Plaintiff's Interrogatory No. 4, he requests the following:

4.      State the Defendant's employment history during the past Ten (10) years, and for each employer state:
     a.      The name and address of each employer;
     b.      The Defendant's Job and or Position;
     c.      The period of time the Defendant was so employed;
     d.      The Defendant's earnings during the time of the Defendants' employment;
     e.      The names and addresses of the Defendants immediate supervisors, and whether or not the Defendant was fired from any employment and the reason for her termination or the reason for her leaving each position;

(Docket no. 91 at 8.) Defendant responded as follows:

Objection. Defendant objects to this request because it is irrelevant and will not lead to relevant evidence. The issue in this case is whether Plaintiff received medical care that complies with the Eighth Amendment of the United States Constitution. Whether she has been fired from any employment, the amount of money she earned, and her specific employers and other such information are irrelevant and will not lead to relevant evidence on this issue. Any marginal

7

> relevance is far outweighed by the prejudice to Defendant of disclosing such
> sensitive information to this Plaintiff or the inmate population as a whole under Fed.
> R. Civ. P. 403. Further, courts have found that complete educational history,
> complete employment history, and a general description of a defendant's duties prior
> to employment with a prison system is not relevant and not reasonably likely to lead
> to the discovery of admissible evidence.

(*Id.* at 15-16.)

Following Defendant's objection, Plaintiff withdrew his request for Defendant's earnings

history under Interrogatory No. 4(d). (Docket no. 91 at 21.) Plaintiff argues that the remaining

information is permissible discovery under Rule 26 because Defendant's responses may show

evidence of character, habit, or routine practice, which would then be admissible under Fed.R.Evid.

405(b) or 406. (*Id.* at 2.) Defendant contends that the information requested is irrelevant, will not

lead to relevant information, and even if there is some marginal relevance, that relevance is

outweighed by the prejudice of disclosing personal information to an incarcerated individual.

(Docket no. 94 at 10.)

> A supplemental provision to the Prison Litigation Reform Act provides as follows:
>
> "Notwithstanding any other provision of law, in any action brought by a prisoner
> under section 1979 of the Revised Statutes (42 U.S.C.1983) against a Federal, State,
> or local jail, prison, or correctional facility, or any employee or former employee
> thereof, arising out of the incarceration of that prisoner
>
> (2) the home address, home telephone number, social security number, identity of
> family members, personal tax returns, and personal banking information of a person
> described in paragraph (1), and any other records or information of a similar nature
> relating to that person, shall not be subject to disclosure without the written consent
> of that person, or pursuant to a court order."

*Provost v. Corr. Corp. of Am.*, No 08-02488, 2010 WL 396231, at *2-3 (W.D. Tenn. Jan. 27, 2010)

(quoting Act Oct. 21, 1998, P.L. 105-227, § 101(b) [Title I, § 127]; 112 Stat. 2681-74.) The plaintiff

in *Provost* requested the defendants' full names, any aliases, their complete educational histories, their complete employment histories, and their general duties prior to their current employment. (*Id.* at *2.)  The court found that the requested information was "not the type of sensitive personal information prohibited from discovery under the PLRA" but only compelled the defendants' production of their full names, aliases, and how long they had been in their respective positions.  The court held that under a standard Rule 26 analysis, the remaining information was "not relevant and not reasonably likely to lead to the discovery of admissible evidence.  (*Id.* at *3.)

Likewise, the Court finds that the names and addresses of Defendant's immediate supervisors are not relevant to the issues in the present case, and such information is not reasonably likely to lead to the discovery of admissible evidence.  Therefore, the Court will deny Plaintiff's Motion to Compel with respect to the names and addresses of supervisors requested in Interrogatory No. 4(e).

Nevertheless, the Court does find that Plaintiff's request for "whether or not the Defendant was fired from any employment and the reason for her termination," while not necessarily admissible in itself, is reasonably calculated to lead to the discovery of admissible evidence.  This information, however, can only be used in context with Defendant's general employment history.  Moreover, like the information requested by the plaintiff in *Provost*, such information is neither barred by the PLRA nor is its probative value substantially outweighed by unfair prejudice under Fed.R.Evid. 403.  Therefore, the Court will grant Plaintiff's Motion to Compel with respect to Interrogatory Nos. 4(a), (b), (c) and his first request in Interrogatory No. 4(e).  The Court will order Defendant to disclose to Plaintiff no later than November 16, 2012, (1) the name and address of her employers from April 23, 2002, through April 23, 2012; (2) the title of her job or position with said employers; (3) the

9

dates in which she held such employment positions; and (4) whether she was terminated from any

of these employment positions and, if she was, the reason for such termination.

### 2.    Interrogatory No. 5

In Plaintiff's Interrogatory No. 5, he requests the following:

> 5.    List each civil and or criminal lawsuit in which the Defendant was a party as
> either a Plaintiff and or a Defendant, state the following:
>     a.    The date of the lawsuit;
>     b.    The names of the Plaintiffs and the defendants;
>     c.    The county, state and court address where the lawsuit was litigated;
>     d.    The nature of the claims in the lawsuit;
>     e.    The results achieved in the lawsuit.

(Docket no. 91 at 8-9.)  Defendant responded as follows:

> Objection.  The request is burdensome and beyond the scope of discovery
> allowed by Fed R. Civ. P. 26 and Fed. R. Evid. 404 because it seeks information that
> is neither relevant or will lead to relevant evidence.  Any cases wherein Zivit Cohen
> was a Plaintiff or did not involve prisoner litigation are irrelevant.  Nevertheless,
> Defendant, upon information and belief, is aware of the following 42 U.S.C. § 1983
> suits: [Defendant than listed 10 lawsuits by court, case number, party names, date
> filed, and resolution]."

(*Id.* at 16-17.)

Again, Plaintiff's position is not entirely clear, but it appears he acknowledges that Plaintiff

has answered Interrogatory No. 5 with the exception of subsection (d).  (*See* docket no. 91 at 22

("The Defendant fails to address (d. The nature of the claims in the lawsuit;), which is absolutely

relevant and discoverable.").)  In response to Plaintiff's Motion, Defendant does not assert that such

information is irrelevant; instead, Defendant argues that her answer "substantially complies with his

request, and providing copies of the suits or other information is overly burdensome and time

consuming."  Docket no. 94 at 11.)  Defendant contends that the information Plaintiff seeks is

readily

available through public court records and that "Defendant . . . should not be required to do Plaintiff's discovery for him simply because he is incarcerated."[5]

Defendant's argument, in essence, is that the information that Plaintiff seeks is publicly available. Under Rule 26, "the court *must* limit the . . . extent of discovery . . . if it determines that: (i) the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(C) (emphasis added). The Court sympathizes with the difficulty that Plaintiff may have in conducting a diligent investigation into Defendant's litigation history while incarcerated. Nevertheless, Defendant is correct; the information Plaintiff seeks is available from a source more convenient and less burdensome, and Plaintiff is responsible for conducting his own discovery. *See, e.g.*, *Berkshire v. Sanders*, No. 10-942, 2012 WL 4470213, at *2 (W.D. Mich. Sept. 27, 2012). Therefore, the Court will deny Plaintiff's Motion to Compel with respect to Interrogatory No. 5.

### D.  Plaintiff's Motion for Appointment of an Expert Witness [92]

In Plaintiff's Motion for Appointment of an Expert Witness, he requests that the Court appoint an expert witness under Fed.R.Evid. 706 to testify on his behalf in the field of hernia surgery. (Docket no. 92 at 2-3.) Plaintiff claims that Defendant has two expert witnesses testifying on her behalf, that "both of these witnesses work for the company that . . . is providing the Defendant with Counsel," and that an independent expert is necessary "to balance the scales of justice." (*Id.* at 1, 3.) Defendant argues that the Court is not authorized to pay for or waive fees for an expert witness

---

[5]Defendant also argues that neither Defendant nor the Court are required to provide Plaintiff with free copies of discoverable material. (Docket no. 94 at 11-12.) Defendant may be correct, but this argument is moot because Plaintiff has not requested copies of any documents.

on behalf of an in forma pauperis litigant.  (Docket no. 93 at 8-11.)  The Court agrees with Defendant.

The authority of the Court to appoint an expert witness is virtually unquestioned. Fed.R.Evid. 706 (advisory committee notes) (citations omitted).  But "[t]he rule does not provide a method by which the court may afford expert witness testimony to an indigent litigant at public expense.  Congress has not appropriated any funds for the hiring of expert medical witnesses to support the claims of indigent civil litigants." *Baker v. County of Missaukee*, No. 09-01059, 2011 WL 4477154, at \*3 (W.D. Mich. Sept. 26, 2011).  "[A] prisoner's right of access to the courts does not entitle him to have the public fund his general litigation expenses, such as witness fees." *Id.* (citing *Johnson v. Hubbard*, 698 F.2d 286, 288–89 (6th Cir.1983); *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir.1995)).  Moreover, Rule 706 allows the court to appoint an expert to aid the court, not to aid a litigant.  *See Dodson v. Wilkinson*, 304 F. App'x 434, 442 (6th Cir.2008).  "Although the court has the ability to grant such relief, it requires a strong showing both that plaintiff's case is meritorious and that the appointment of a Rule 706 expert is necessary to aid the court." *Baker*, at \*4 (citing *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008)).

Plaintiff has failed to show that his case is meritorious or that the appointment of a Rule 706 expert is necessary to aid the Court.  At best, Plaintiff has shown that the appointment of an expert witness may aid Plaintiff in his case against Defendant.  Therefore, the Court will deny Plaintiff's Motion to Appoint and Expert Witness.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File a Second/Supplemental Motion for Summary Judgment [83] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order for Certified Medical Records [89] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [91] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.    Plaintiff's Motion to Compel answers to Interrogatory Nos. 4(a), (b), (c) and his first request in Interrogatory No. 4(e) is **GRANTED**.  Defendant is ordered to disclose to Plaintiff no later than November 16, 2012, the following:

        1.    the name and address of her employers from April 23, 2002, through April 23, 2012;

        2.    the title of her job or position with said employers;

        3.    the dates in which she held such employment positions; and

        4.    whether she was terminated from any of these employment positions and, if she was, the reason for such termination.

b.    Plaintiff's Motion to Compel answers to Interrogatory No. 4(d) his first request in Interrogatory No. 4(e) is **DENIED.**

c.    Plaintiff's Motion to Compel an answer to Interrogatory No. 5 is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of an Expert Witness [92] is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  November 1, 2012          s/ Mona K. Majzoub                                    
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon John Michael Colton and Counsel of Record on this date.

Dated: November 1, 2012           s/ Lisa C. Bartlett          
                                  Case Manager

14