UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MICHAEL COLTON,

                Plaintiff,                No. 10-cv-13073

vs.                                      Hon. Gerald E. Rosen

ZIVIT COHEN,

                Defendant.
_____/

ORDER AFFIRMING MAGISTRATE JUDGE'S
NOVEMBER 1, 2012 ORDER

      This prison civil rights matter is presently before the Court on Plaintiff and Defendant's objections to the Magistrate Judge's Order of November 1, 2012.  In that Order, the Magistrate Judge (1) denied Defendant Cohen's Motion for Leave to File a Second Motion for Summary Judgment; (2) denied Plaintiff's Motion for Appointment of an Expert Witness; and (3) granted, in part, and denied, in part, Plaintiff's Motion to Compel Discovery.

      Defendant Cohen objects to the Magistrate Judge's denial of leave to file a second summary judgment motion and to the MJ's granting of Plaintiff's Motion to Compel with respect to her requiring Defendant to answer interrogatories regarding her employment history and the reasons (if any) for her termination from previous positions.  Plaintiff, in turn, objects to the Magistrate Judge's denial of his motion for appointment of an expert witness.  He also objects to the MJ's denial of his Motion to Compel with respect to

1

document production he requested concerning other Section 1983 cases in which Defendant Cohen was a party, and he objects to the Magistrate Judge's failure to award him costs as a prevailing party on a motion to compel.

Having reviewed and considered the Magistrate Judge's detailed Order, the parties' objections, and the entire record of this matter, the Court finds that the Magistrate Judge's rulings were not clearly erroneous or contrary to law. *See* 29 U.S.C. § 636(b)(1)(A).

With respect to the Magistrate Judge's denial of Defendant's Motion for Leave to file a second summary judgment motion, the Court first notes that what Defendant essentially asks for is not for leave to file a second, but a *third* dispositive motion. Defendant Cohen has already filed a Rule 12(b)(6) Motion to Dismiss *and* a Rule 56 Motion for Summary Judgment. Both of these motions were denied. The second motion for summary judgment which Defendant now seeks to file does not present any new law or, for that matter, any new arguments. Moreover, as the Magistrate Judge observed, even if the Court were to allow the filing of another summary judgment motion, the motion would, nonetheless be denied as a review of the deposition testimony of the Plaintiff upon which Defendant purports to rely in support of her second (or third) bite at the apple demonstrates that a genuine dispute of material fact still exists.

With respect to the Magistrate Judge's denial of Plaintiff's Motion for Appointment of an Expert Witness, as the Magistrate Judge stated in her Order,

"Congress has not appropriated any funds for the hiring of expert medical witnesses to support the claims of indigent civil litigants." (11/1/12 Order at 12 (citations omitted)). Plaintiff's objection appears to be directed at Defendant's failure to disclose her experts' reports or opinions. But this is more appropriately an argument that should be raised in a motion *in limine* to preclude the experts' testimony at trial; it does not provide a basis for the appointment of a counter-expert.

As for the parties' respective objections concerning Plaintiff's Motion to Compel, the Magistrate Judge did not err in ordering Defendant to respond to interrogatories concerning her previous employment and the reasons (if any) as to her termination from any of her previous medical positions. As the Magistrate Judge observed, while such evidence might not itself be admissible at trial, it may very well lead to the discovery of admissible evidence. Therefore, Defendant's objections to this aspect of the November 1 Order will be overruled.

As to Plaintiff's objections to the MJ's refusal to order Defendant to describe the nature of the claims involved in each lawsuit in which Defendant was a party, Defendant did provide Plaintiff with a list of 10 Section lawsuits in which she was a party, identifying them by court, case number, party names, and the dates of filing and the resolution thereof. As the Magistrate Judge observed, this amounts to substantial compliance with the discovery request. Further, because the information concerning the nature of the lawsuits is contained in public records, Plaintiff can obtain the information

3

he seeks from these public filings. *See* Fed. R. Civ. P. 26(b)(2)(C). Plaintiff offers in his objections to pay for copies of the records of the cases in which Defendant was a party if "a payment plan" could be worked out. However, inasmuch as the Court has, this date, decided that appointment of counsel for trial is warranted, and because counsel will have access to these publicly filed documents, the Court finds it unnecessary to grant the alternative relief Plaintiff requests.

Finally, with respect to Plaintiff's objection to the MJ's failure to award him costs as a "prevailing party" on the motion to compel, Plaintiff did not "prevail" in all aspects of his motion. Furthermore, Fed. R. Civ. P. 37 permits a Court to deny a request for expenses if it determines that opposition to the motion was substantially justified or that "other circumstances would make an award of expenses unjust." Fed. R. Civ. P. 37(5)(a)(iii). Sanctions allowed under Rule 37 are intended, among other things "to compensate the court and other parties for the added expenses caused by discovery abuses." *See Wouters v. Martin County,* 9 F.3d 924, 933 (11th Cir.1993). Inasmuch as Plaintiff has been granted *in forma pauperis* status and has incurred no "added" expense in pursuing his motion to compel, the Court finds that an award of costs is not required in this case.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the parties' objections to the Magistrate Judge's November 1, 2012 Order are OVERRULED. Accordingly,

4

IT IS FURTHER ORDERED that the Magistrate Judge's Order **[Dkt. # 95]** is AFIRMED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 15, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 15, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135