UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MICHAEL COLTON
# 173126,

        Plaintiff,                       No. 10-cv-13073

vs.                                       Hon. Gerald E. Rosen

ZIVIT COHEN, M.D.,

        Defendant.
_____/

ORDER DENYING PLAINTIFF'S RULE 59 MOTION TO ALTER
OR AMEND JUDGMENT AND GRANT PLAINTIFF A NEW TRIAL

        At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on June 08, 2015

        PRESENT: Honorable Gerald E. Rosen
                           United States District Chief Judge

## I. INTRODUCTION

      This prisoner civil rights action alleging deliberate indifference to medical needs came before the Court for a jury trial in October 2014. The specific issue presented for adjudication was whether Defendant Dr. Zivit Cohen was deliberately indifferent with respect to treatment of Plaintiff Colton's hernia condition. Plaintiff presented his case over two days on October 27-28, 2014. After the close of Plaintiff's proofs, Defendant, through counsel, moved for judgment as a matter of law pursuant to Fed. R. Civ. P.

1

50(a)(1) ("JMOL"),[1] which the Court granted on October 29, 2014. Judgment was accordingly entered in favor of Defendant and Plaintiff's case was dismissed. Plaintiff thereafter timely filed the instant Rule 59 Motion to Alter or Amend Judgment and Grant Plaintiff a New Trial.

## II. DISCUSSION

### A. APPLICABLE STANDARDS

The decision whether to alter or amend a judgment under Fed. R. Civ. P. 59(e) is within the Court's discretion. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). *See also Columbia Gas Transmission Corp. v. Limited Corp.*, 951 F.2d 110, 112 (6th Cir. 1991); *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140-41 (W.D. Mich.1996). A court abuses its discretion when it "relies on clearly erroneous findings of fact or when it improperly applies the law." *Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538, 552 (6th Cir. 2012). In general, a judgment may be altered or amended for one of three reasons: (1) to consider an intervening change in the controlling law; (2) because new evidence has become available; or (3) to correct a clear error of law or prevent manifest injustice. *Keweenaw Bay Indian Community*, 940 F. Supp. at 1141. A motion to alter or amend, however, is not intended as a means of relitigating previously

---

[1] Though Defendant presented this motion as one for a "directed verdict," that terminology was abandoned with the 1991 amendments to Fed. R. Civ. P. 50(a) and the motion is now known as a motion for "judgment as a matter of law." Accordingly, the Court will use "judgment as a matter of law" or "JMOL" in referring to Defendant's Rule 50(a) motion in this case.

considered issues. *Keweenaw Bay Indian Community v. State of Michigan*, 152 F.R.D. 562, 563, *aff'd*, 11 F.3d 1341 (6th Cir.1993); *E.E.O.C. v. Argent Industries*, 746 F. Supp. 605, 706 (S.D. Ohio 1989). *See also McClendon v. B & H Freight Services*, Inc., 910 F. Supp. 364, 365 (E.D. Tenn.1995). Thus, a party should not use a motion to alter or amend as a means of raising arguments that could and should have been made before judgment issued. *McClendon*, 910 F. Supp. at 365. When a moving party seeks to obtain reversal of a judgment by offering the same arguments previously presented to the trial court, the appropriate vehicle for obtaining such relief is an appeal, not a motion to alter or amend. *Dana Corp. v. United States*, 746 F. Supp. 482, 489 (N.D. Ohio 1991).

Here, Plaintiff's Motion to Alter of Amend is directed at the Court's decision to grant Defendant's JMOL Motion. Fed. R. Civ. P. 50 authorizes a court to grant judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "The court may resolve the issue against the party and grant a motion for judgment as a matter of law [if] under the controlling law, [the party's claim] can be maintained or defeated only with a favorable finding on that issue." *Id.* In deciding the motion "[t]he court is not to weigh the evidence or judge the credibility of witnesses, and it must make all reasonable inferences in favor of the nonmoving party." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citations omitted).

The Court will apply the foregoing standards in deciding Plaintiff's Motion to Alter or Amend Judgment in this case.

B.  THE COURT'S DECISION TO GRANT DEFENDANT'S MOTION DID NOT RUN AFOUL OF THE LAW OF THE CASE

Plaintiff first argues that the Court improperly entered Judgment as a Matter of Law in favor of Defendant because the Court did not follow the "Law of the Case" in deciding Defendant's Motion. Specifically, Plaintiff argues that the Court erred in granting Defendant's Motion for JMOL when it had previously denied Defendant summary judgment on the claim of deliberate indifference to medical needs. Plaintiff points to the following discussion in the Court's Memorandum Opinion and Order Denying Defendant Cohen's Motion for Summary Judgment [Dkt. # 60]:

> . . . Plaintiff has stated that he specifically complained to Dr. Cohen on October 6, 2009 and again on April 15, 2010 that he was in daily pain from his hernia and that it caused him discomfort when he urinated. *See* Colton Declaration and Verified Response to Motion to Dismiss, Dkt. # 37. A genuine dispute of material fact may be shown by matters in the record. *See* Fed. R. Civ. P. 56(c)(1).
>
> Plaintiff claims that he complained at least twice to Dr. Cohen about his hernia pain. The first time he complained (in October 2009), Plaintiff states that Dr. Cohen told him his hernia problems would have to wait until his more serious issues were resolved. In April 2010, Plaintiff states that he complained again about pain caused by his hernia that had continued for six months. *Id.* According to Plaintiff, however, Dr. Cohen did no physical examination of him regarding his hernia complaint. *Id.* at p.16. A prisoner's statement that his hernia hurt "sometimes" has been held sufficient to create a genuine issue of material fact as to whether he experienced a physical injury. *See Baker v. Wilkinson*, 635 F. Supp. 2d 514, 522 (W.D. La. 2009). And, failing to respond to a prisoner's pain or possible medical needs can establish deliberate indifference. *May v.*

*Baldwin*, 109 F.3d 557, 566 (9th Cir.1997).

[12/07/11 Memorandum Opinion and Order, Dkt. # 60, pp. 10-11.]

However, just because Plaintiff survived Defendant's summary judgment motion, does not mean that he should have survived Defendant's Rule 50(a) motion for judgment as a matter of law. "[T]he one decision does not bind a district court in ruling on the other motion." *Wells v. O'Malley*, 106 F. App'x 319, 322-323 (6th Cir. 2004). When a district court (or a court of appeals) denies a summary judgment motion, the ruling does not bind the district court when it is later called upon to decide a Rule 50 motion. *See Regal Cinemas, Inc. v. W & M Props*., 90 F. App'x. 824, 829 (6th Cir.2004) ("A district court is simply not bound by a denial of summary judgment, whether it be its own or ours, on the ultimate issue of whether a Rule 50 motion should be granted."); *Welker v. Goodyear Tire Co*., 1997 WL 369450, at *3 (6th Cir. July 1, 1997) ("The district court is simply not bound by its pretrial denial of a summary judgment after it actually considers the evidence ultimately presented at trial."); *see also Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir.2000) (consideration of Rule 50 motion after denial of summary judgment expressly permitted); *St. Louis Convention & Visitors Comm'n v. Nat'l Football League*, 154 F.3d 851, 860 (8th Cir.1998) ("The court's prior decision on summary judgment did not control the outcome of the Rule 50 motion.").

The reason is straightforward: "Summary judgment rulings are anticipatory, and plaintiffs and trial courts occasionally err on the side of expecting that more (rather than

less) evidence will be presented in support of a claim." *Wells, supra,* 106 F. App'x at 322-23; *Pinney Dock & Transport Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1472 (6th Cir.1988) ("[A]lthough the movant may [ ] technically" be entitled to summary judgment, "[t]he trial court may [ ] exercise [ ] sound discretion in denying [it] where [ ] the court is not reasonably certain there is no triable issue of fact."). By contrast, "[t]here is nothing anticipatory about a Rule 50 motion: either the plaintiff has produced evidence supporting the claim or he has not. When he has not, a district court quite permissibly may decide that the issue should not go to a jury even though it earlier denied a motion for summary judgment under Rule 56." *Wells* at 323. It is "the imperative duty of the District Judge to test the case against the actual evidence adduced at every stage of the trial." *Braniff v. Jackson Ave.-Gretna Ferry, Inc.*, 280 F.2d 523, 529 (5th Cir.1960). Accordingly, Rule 50 "authorizes the court to perform its duty to enter judgment as a matter of law at any time during the trial, as soon as it is apparent that either party is unable to carry a burden of proof that is essential to that party's case. Thus, the second sentence of paragraph (a)(1) authorizes the court to consider a motion for judgment as a matter of law as soon as a party has completed a presentation on a fact essential to that party's case. Such early action is appropriate when economy and expedition will be served." Fed. R. Civ. P. 50 Advisory Committee Note to 1991 amendments.

The foregoing authorities make clear that this Court was not bound by its earlier

denial of Defendant's Motion for Summary Judgment in ruling on Defendant's Rule 50(a) Motion.

C.     INSUFFICIENCY OF THE EVIDENCE

Plaintiff further argues that even if the Court's summary judgment ruling did not have preclusive effect, his Motion to Alter or Amend should be granted because he presented sufficient evidence to take his claim of deliberate indifference to his medical needs to the jury. Specifically Plaintiff claims he presented sufficient evidence to show that he had a serious medical need related to his hernia condition and that Dr. Cohen acted with deliberate indifference in failing to provide medical treatment for that serious medical need.

Plaintiff does not dispute that to make out a § 1983 claim of deliberate indifference to medical needs requires satisfaction of two elements -- an objective one and a subjective one. *See Wilson v. Seiter*, 501 U.S. 294, 300, 111 S.Ct. 2321 (1991). The objective element is satisfied by a showing that the plaintiff had a serious medical need. *Wilson*, 501 U.S. at 297. "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir.2004) (quoting *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir.1990)). In evaluating whether a medical need is sufficiently serious, courts have considered the following factors: "'The

existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.1997) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.1992)); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998); *see also Harrell v. Grainger County, Tenn.*, 391 F. App'x 519, 553 (6th Cir. 2010).

"'Where the seriousness of a prisoner's need [] for medical care is obvious even to a lay person,' this obviousness is itself sufficient to satisfy the objective component of the adequate medical care test." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir.2005) (quoting *Blackmore*, 390 F.3d at 899). However if the need involves minor needs, or non-obvious complaints of a serious need for medical care, the plaintiff "'must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment.'" *Johnson*, 398 F.3d at 874 (quoting *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir.2001)).

To satisfy the subjective component of the adequate medical care test, the plaintiff must demonstrate that the defendant "subjectively perceived a risk of harm and then disregarded it." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). This requires a showing of obduracy and wantonness, not merely inadvertence or good faith error. *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir.1992). Moreover, where the prisoner has

8

received some medical attention and the dispute is over the adequacy of the treatment, the courts are reluctant to second guess medical judgments, *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976), and deliberate indifference does not include negligence in diagnosing a medical condition. *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir.1995) (citations omitted). However, it is not necessary for a plaintiff to "show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" *Comstock*, 273 F.3d at 703 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Put simply, "deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Comstock*, 273 F.3d at 703 (quoting *Farmer*, 511 U.S. at 835).

It is undisputed that Plaintiff did not present any expert opinion or other verifiable medical evidence to demonstrate that his inguinal hernia was a "serious medical need." Therefore, the question presented here is whether the evidence Plaintiff presented at trial established that Plaintiff had a serious medical condition that was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."

The evidence presented at trial established that Plaintiff was treated by Dr. Cohen on three separate occasions: in October 2009, April 15, 2010 and October 2010. Dr. Cohen, however, was not the primary care physician for Plaintiff; rather she was called in for consultation regarding Plaintiff's cardiac issues.[2] Nonetheless, Plaintiff claims he

---

[2] Various other prison medical service providers treated Plaintiff for his inguinal hernia condition both before and after he was seen by Defendant Cohen, but only Dr.

9

complained to Dr. Cohen about his hernia condition on those three visits yet she failed to treat his condition.

What is fatal to Plaintiff's argument, however, is that his own testimony about what he told Dr. Cohen on those visits, fails to establish that the doctor was made aware of any "serious medical need." The defendant's "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Blackmore*, 390 F.3d at 896 (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 656, 660 (6th Cir. 1994)); *Perkins v. Perkins v. California Dept. of Corr. and Rehab.*, 2010 WL 3853276 at *7 (E.D. Cal. Sept. 30, 2010) (finding where the record contained no evidence that plaintiff told the prison doctor that his pain remained at least "seven or eight" and plaintiff did not contradict the doctor's report which stated that plaintiff's pain then was "mild to moderate," no reasonable jury could find that the doctor knew about the alleged intensity of plaintiff's pain, and the doctor could not have displayed deliberate indifference toward it).

Plaintiff himself admitted that when he saw Dr. Cohen on October 6, 2009, on a scale of one to ten, he rated his pain as only a "one" or "two." A lay person would not perceive such a low level of pain as evidence of a serious medical condition. *See Nielsen v. Rabin*, 746 F.3d 48, 66 (2d Cir. 2014); *see also Frost v. Cate*, 2015 WL 1927933 N.D. Cal. Mar. 27, 2015) (summary judgment granted to defendants where evidence failed to

---

Cohen's treatment is at issue.

demonstrate serious medical condition or that prison medical staff should have been aware of serious medical condition when plaintiff reported to nurses only a level of pain from zero to three).

With respect to Plaintiff's April and October 2010 doctor's visits, Plaintiff testified that he did not know what the level of his pain was on those two occasions; he said between April and October 2010, his pain was sometimes more and sometimes less, that it waxed and waned somewhere between two and seven, depending on what he was doing, but that generally he worked on a "two" or "four" kind of level. He also testified that he sometimes experienced difficulty urinating.

In seeking to overturn the Court's grant of Judgment as a Matter of Law, Plaintiff relies on the testimony of Dr. Erin Orlebeke that a pain level of seven (on a scale of one to ten) could be viewed as serious. However, Plaintiff never testified that his pain was constant or that it was consistently at a level of "seven"; rather he testified that the severity of his pain fluctuated between a "2" and a "7", depending on his degree of exertion in his activities on any given day:

> PLAINTIFF: I worked in a library. Like if I had to put a lot of books away on the shelf. Well, the lifting and, you know, reaching up to put them up sometimes would cause me more pain. On days I was inactive, that would cause me less pain.

The Sixth Circuit has held that such claims of variable, intermittent pain do not evidence a sufficiently serious medical condition that a lay person would recognize as requiring a doctor's attention. *See e.g., Sarah v. Thompson*, 109 F. App'x 770, 771-72

(6th Cir. 2004); *see also McQueen v. County of Albany*, 2010 WL 338081 at *11-12 (N.D.N.Y. Jan. 28, 2010) (finding, on a motion for summary judgment, that the plaintiff's hernia was not sufficiently serious to warrant constitutional protection because, among other things, it "caused him to suffer only intermittent pain and/or discomfort"); *Perkins v. California Dept. of Corr. and Rehab.*, 2010 WL 3853276 at *6 (E.D. Cal. Sept. 30, 2010) (while suffering persistent, substantial pain for ten months qualifies as a "serious" medical condition, mild, intermittent pain does not).

Because of the intermittent nature of the pain it causes, it is not surprising that a number of courts have recognized that an inguinal hernia is not objectively serious enough to satisfy the objective prong of the Eighth Amendment test. *See e.g., McQueen v. County of Albany, supra*, 2010 WL 338081 at *11-12*, where the court held:

> In this instance, the record leads invariably to the conclusion that plaintiff's hernia is not objectively sufficient to qualify as constitutionally significant. There is no indication that plaintiff's condition was emergent or one that could produce death, degeneration, or extreme pain. Plaintiff's subjective complaints of pain are not substantiated by any objective evidence, and he variously described what he felt as "discomfort" and "pain." After his first two requests for treatment, which came a week apart, plaintiff did not require medical services again until more than two weeks later, all suggesting that plaintiff was by no means in constant or extreme pain, or suffering from a dire physical condition.
>
> Significantly, Dr. Salzman states that plaintiff did not voice any complaints of pain during his examination of February 19, 2009, the hernia was not incarcerated and therefore did not necessitate surgery, and any surgery at that time would have been merely elective. Dr. Salzman's opinion is buttressed by the fact that even as of the time of his deposition, approximately ten months after the treatment complained of, plaintiff had not undergone surgery and, by his own admission, experienced pain only

12

> occasionally. The evidence thus establishes that, at worst, plaintiff's hernia caused him to suffer intermittent pain and/or discomfort, which is patently insufficient to objectively prove that his condition was serious.

*Id. See also*, *Arroyo v. City of New York*, 2003 WL 22211500, at *2-3 (S.D.N.Y. Sept. 25, 2003); *Day v. Lantz*, 2009 WL 801612, at *3 (D. Conn. Mar. 25, 2009); *Nichols v. Pesanti*, 2005 WL 356776, at *4 (D. Conn. Feb. 11, 2005); *Iniquez v. Chief Medical Officer*, 2002 WL 31750217, at *2 (N.D. Cal. Dec. 3, 2002).

As in *McQueen*, Plaintiff's evidence here at best showed that his hernia caused him to suffer intermittent pain and difficulty urinating. The hernia was not incarcerated, and therefore, did not require surgery; surgery at the time of his visits to Dr. Cohen would have been merely elective.[3]

Furthermore, Plaintiff failed to put forth any evidence that demonstrated Dr. Cohen consciously disregarded Plaintiff's hernia condition. In fact, Plaintiff's own testimony belies any such conclusion. He testified that Dr. Cohen told him that he had too many other more serious medical issues to worry about and that they would deal with those other medical issues first. According to Plaintiff's medical records, Dr. Rhodes, who took over Plaintiff's care in May 2011, informed Plaintiff that no treatment for his hernia would be considered until he was leukemia free for at least six months, and that did not occur until June 2013. A conscious decision to treat Plaintiff's cardiac problems

---

[3] Dr. Rhodes, who took over Plaintiff's case in May 2011, testified that it was not until late 2012 -- more than two years after Plaintiff's last treatment with Dr. Cohen -- that Plaintiff's hernia became non-reducible.

13

and leukemia before treating his hernia does not amount to ignoring Plaintiff's hernia condition or being deliberately indifferent to it.[4]

Moreover, it was not that nothing was ever offered to Plaintiff to alleviate his hernia discomfort. Dr. Orlebeke gave Plaintiff an athletic supporter to wear in August of 2010. He testified that he wore the truss when he went to see Dr. Cohen in October 2010 because "it [was] do[ing] absolutely nothing for [my hernia] at this time. I wore it over there to discuss it with her." At best, this evidences a disagreement on Plaintiff's part with the adequacy of the medical treatment afforded him and the Sixth Circuit has cautioned that courts should not second guess medical judgments. *See Westlake v. Lucas*, *supra*, 537 F.2d at 860 n. 5.

---

[4] This evidence that the doctors determined that Plaintiff's other medical problems were more serious and needed to be dealt with before his hernia condition would be treated negates Plaintiff's *Blackmore* argument. In *Blackmore*, the Court held that "[w]hen prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition *for non-medical reasons*, their conduct in causing the delay creates the constitutional infirmity." 390 F.3d at 899 (emphasis added). Here, even assuming *arguendo* that Plaintiff had shown an "obvious and serious need for medical treatment" for his hernia condition, the delay in affording him treatment was for his more serious *medical*, not non-medical reasons. Hence, *Blackmore* is inapplicable.

14

### III.  CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Rule 59 Motion to Alter or Amend Judgment and Grant Plaintiff a New Trial **[Dkt. # 140]** is DENIED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  June 8, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 8, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135